F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00781-LTB

JERRY MASKE,

    Plaintiff,

v.

DISTRICT COURT, ARAPAHOE COUNTY, COLORADO,

    Defendant.

## ORDER IMPOSING MONETARY SANCTION

Plaintiff, Jerry L. Maske, acting *pro se*, initiated this action on March 28, 2011, along with six other civil actions. In each case, he filed a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Mr. Maske is subject to the filing restrictions stated in *Maske v. IBM*, No. 09-cv-01805-ZLW, Doc. No. 5 (D. Colo. Nov. 5, 2009), and *Maske v. Aurora Animal Care, et al.*, No. 09-cv-02751-ZLW, Doc. No. 2 (D. Colo. Nov. 24, 2009).

On April 19, 2011, the Court entered an order in this case and the other six cases finding that Mr. Maske had failed to comply with the filing restrictions set forth in Cases 09-cv-01805-ZLW and 09-cv-02751-ZLW. Each of the seven cases were dismissed. *See Maske v. Arapahoe County District Court*, No. 11-cv-00781-LTB (D. Colo. Apr. 19, 2011); *Maske v. City of Aurora*, No. 11-cv-00782-LTB (D. Colo. Apr. 19, 2011); *Maske v. FBI Denver*, No. 11-cv-00786-LTB (D. Colo. Apr. 19, 2011); *Maske v. Colo. Mental Health Institute at Pueblo*, No. 11-cv-00798-LTB (D. Colo. Apr. 19, 2011); *Maske v. 18th Judicial District Probation Dep't*, No. 11-cv-00799-LTB (D. Colo. Apr. 19, 2011); *Maske*

*v. Arapahoe County District Attorney Office*, No. 11-cv-00800-LTB (D. Colo. Apr. 19, 2011). Also in the April 19 Order, Mr. Maske was directed to show cause why the Court should not impose monetary sanctions against him for failing to comply with the filing restrictions set forth in Cases 09-cv-01805-ZLW and 09-cv-02751-ZLW.

The Court has warned Mr. Maske in previous cases that it would impose monetary sanctions if he continued to file pleadings that do not comply with his filing restrictions. *See Maske v. Estrada, et al.*, No. 10-cv-00619-ZLW (D. Colo. Mar. 17, 2010); *Maske v. Chappell, et al.*, No. 10-cv-00618-ZLW (D. Colo. Mar. 17, 2010); *Maske v. Estrada, et al.*, No. 10-cv-00617-ZLW (D. Colo. Mar. 17, 2010); *Maske v. Murphy, et al.*, No. 10-cv-00616-ZLW (D. Colo. Mar. 17, 2010). In the April 19 Order in this case, the Court instructed Mr. Maske that he must comply with Fed. R. Civ. P. 11, and that his *pro se* status does not prohibit the Court from imposing sanctions. The Court also found in the April 19 Order that based on Mr. Maske's continuing litigation abuse a $2,450.00 monetary sanction is appropriate.

A $350.00 sanction was proposed for each of the seven cases Mr. Maske filed on either March 28 or 29, 2011, totaling $2,450.00. To determine the monetary sanction the Court considered Mr. Maske's filing history, the severity of the violation, the degree to which malice or bad faith contributed to the violation, and the risk of chilling the type of litigation involved. *See White v. General Motors Corp., Inc.*, 908 F.2d 675, 685 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in*, 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp.1989)).

For ease of administration, Mr. Maske was instructed that he would be directed

to pay the $2,450.00 in this case. Mr. Maske also was instructed that he would be prohibited from filing cases in this Court and that the Clerk of the Court would not accept any new filings from Mr. Maske until proof was provided to the Clerk of the Court that all monetary sanctions had been paid in full. See Gass v. United States, 4 F. App'x 565, 568 (10th Cir. 2001) (unpublished) (prohibiting appellants from filing any further complaints in district court until monetary sanctions are paid) (citing VanSickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986)). Mr. Maske was reminded that, even after he pays the $2,450.00, he remains subject to the filing restrictions set forth in Cases 09-cv-01805-ZLW and No. 09-cv-02751-ZLW. Mr. Maske was given twenty-one days to respond and show cause why the above monetary sanction should not be imposed.

Subsequent to the April 19 Order, Mr. Maske submitted four letters to the Court on April 22, 2011, and four letters on April 25, 2011. In each of the eight letters, Mr. Maske asserts that he qualifies as a person with a disability under Section 504 of the Rehabilitation Act of 1973 and that the Court has violated his rights under Section 504. Mr. Maske further asserts in one of the April 22 letters that he is not filing pro se because an "attorney of record was yet to be determined" in this case. Doc. No. 11. Mr. Maske also contends that his only source of income is his Social Security Disability Insurance and he is not allowed to use this income to pay court filing fees. Finally, Mr. Maske claims that because of his mental impairment, due to the whiplash he alleges he incurred in a car accident, he is not competent to represent himself, even though he has two computer science degrees, an MBA, and a PhD in business administration.

Mr. Maske's alleged mental impairments do not provide a basis for this Court to

allow him to continue to submit filings that lack subject matter jurisdiction, are frivolous, or fail to comply with Rule 8. Furthermore, this Court is not responsible for obtaining counsel to represent Mr. Maske, particularly because all eighty-eight cases he has filed with this Court lack merit. Under 28 U.S.C. § 1915(e)(1), federal district courts have broad discretion in appointing counsel to a party in a civil case, see Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991), and civil litigants enjoy no constitutional right to an attorney, see Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006). Mr. Maske also is incorrect regarding representation in this case and the other six cases he has filed. He is not represented by counsel and remains pro se until an attorney enters an appearance.

Mr. Maske fails to cite to any authority for his assertion that he may not use his Social Security income for filing fees, and the Court is unaware of any such limitation. Nonetheless, Mr. Maske has used his Social Security funds, as he claims he has no other source of income, to support his preparation and submission of frivolous and inappropriate filings to this Court.

Nothing Mr. Maske states in the eight Letters shows cause why this Court should not impose monetary sanctions against him. The Court, therefore, will assess a $350.00 sanction for each of the seven new cases Mr. Maske has filed, including the instant action and Case Nos. 11-cv-00782-LTB, 11-cv-00786-LTB, 11-cv-00787-LTB, 11-cv-00798-LTB, 11-cv-00799-LTB, and 11-cv-00800-LTB, totaling $2,450.00. The amount of the monetary sanction appears to be the least severe sanction adequate to deter and punish Mr. Maske, while considering his ability to pay a monetary sanction. For ease of administration, Mr. Maske will be directed to pay the $2,450.00 in this case.

Until Mr. Maske has paid the $2,450.00 in full, he is prohibited from filing *pro se* cases in this Court, and the Clerk of the Court is instructed to accept no more *pro se* filings from Mr. Maske until proof is provided to the Clerk of the Court that all monetary sanctions have been paid in full. See *Gass*, 4 F. App'x at 568. Mr. Maske is reminded that, even after he pays the $2,450.00, he remains subject to the filing restrictions set forth in Cases 09-cv-01805-ZLW and 09-cv-02751-ZLW. Accordingly, it is

ORDERED that a monetary sanction in the amount of $2,450.00 is assessed against Mr. Maske. It is

FURTHER ORDERED that until Mr. Maske has paid the $2,450.00 sanction in full he is prohibited from filing *pro se* cases in this Court and the Clerk of the Court is instructed to accept no more *pro se* filings from Mr. Maske until proof that all monetary sanctions have been paid in full is provided to the Clerk of the Court.

DATED at Denver, Colorado, this __19th__ day of ____May____, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00781-LTB

Jerry Maske
2705 S Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on May 19, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk